**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN**

**RICHARD D. HAMONTREE** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:16-CV-00121-GNS**

**UNITED STATES** **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Richard D. Hamontree filed this *pro se* action proceeding *in forma pauperis*. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

In this action, Plaintiff seeks to challenge the actions of the attorneys who filed a motion to dismiss his lawsuit before the Court of Federal Claims.[1] He asks the Court to find that "the Department of Justice, Commercial Litigation Branch has submitted a false and misleading legal document, a Motion to Dismiss, 2 Dec, 2014, Federal Court of Claims, Civil Docket Number I:14--CV--00938EGB." Plaintiff states that the allegations in the motion to dismiss "lack any factual foundation and are conclusively refuted by objective evidence." Plaintiff also argues that several Rules of the United States Court of Federal Claims were violated in the submission of the motion to dismiss. Finally, Plaintiff requests compensation of "one Billion Dollars to be paid . . . for the three years delay in the honest adjudication of a legal complaint. The false and misleading legal documents submitted by the Justice Department. For the loss of life by senior

[1] The Court dismissed a prior action filed by Plaintiff in which he asked the Court to review and find unconstitutional a decision by the Court of Federal Claims dismissing his lawsuit there. *See Hamontree v. United States et al.*, 1:15-cv-00023-GNS. The Court dismissed the action for lack of subject-matter jurisdiction on June 2, 2015. *Id.* (DNs 10 &11).

citizens, food, shelter, medication. For the three years taken away from life of a now seventy one year old mechanic."

As stated in the Memorandum Opinion issued by this Court in the prior action brought by Plaintiff regarding his lawsuit in the Court of Federal Claims, it is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiff argues that this Court has jurisdiction over this action pursuant to several federal statutes. However, general jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the government's sovereign immunity, and thus "a party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction." *Normandy Apts., Ltd. v. U.S. Dep't of Housing and Urban Dev.*, 554 F.3d 1290, 1295-96 (10th Cir. 2009). Similarly, 28 U.S.C. § 1343 creates original jurisdiction for

"any civil action authorized by law" to recover damages, but it does not waive sovereign immunity under 42 U.S.C. § 1983 or § 1985. *Salazar v. Heckler*, 787 F.2d 527, 528-29 (10th Cir. 1986). Finally, 28 U.S.C. § 1651 gives federal courts the power to issue writs "in aid of their respective jurisdictions," but it does not itself grant jurisdiction. *See, e.g.*, *United States v. Carroll*, No.10-1400, 2012 U.S. App. LEXIS 9520, at *2 (6th Cir. Apr. 27, 2012).

Thus, despite the statutes cited by Plaintiff, his claims against the United States and the attorneys at the Department of Justice who filed the allegedly fraudulent motion to dismiss in the Federal Court of Claims are barred by the doctrine of sovereign immunity. Sovereign immunity bars a claim against the United States and its employees acting in their official capacity save consent "unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The United States has not consented to be sued for conduct stemming from "the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs." *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 510 (D.C. Cir. 2009) (citation and internal quotation marks omitted). Nor has it consented to be sued for constitutional violations. *FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994). In addition, the FTCA does not provide a remedy for "[a]ny claim arising out of . . . misrepresentation [or] deceit." 28 U.S.C. § 2680(h). *See, e.g.*, *Cunningham v. U.S. Gov't*, No. 14-1595, 2014 U.S. Dist. LEXIS 132620, at *2 (D.C.D.C. Sept. 19, 2014) (dismissing claims against federal attorneys for the filing of allegedly false declarations in a civil action based upon sovereign immunity), *aff'd*, 598 F. App'x 790 (D.C. Cir. 2015).

Accordingly, this action will be dismissed by separate Order for lack of subject-matter jurisdiction.

Date: September 29, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendant
4416.010